IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONSTANCE ANDERSON,

    Plaintiff,

v.

HOUSING AUTHORITY OF SAN MATEO, et al.,

    Defendants.

No. C 05-01967 CRB

**ORDER**

This lawsuit arises out of the termination of plaintiff's employment by defendant Housing Authority of the County of San Mateo ("Housing Authority"). Now pending before the Court are the motions to dismiss of defendants Housing Authority and Frank Salmeron. Both defendants contend that the allegations of the complaint demonstrate that plaintiff's claims are barred by the statute of limitations. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary and DENIES defendants' motions.

Plaintiff's first and second claims for relief allege that defendants denied her due process by failing to provide her with a termination hearing, either before or after the termination of her employment. The allegations of the complaint do not establish that this claim arose prior to May 2003. For example, the complaint does not allege when plaintiff

became aware that defendants were refusing to provide her with a hearing after her termination. To the contrary, the allegations of the complaint suggest that these claims arose after July 2003, as the complaint alleges that in July 2003 plaintiff requested that defendant appoint a third member to the panel designated to conduct a termination hearing. Complaint ¶ 12.

Plaintiff's third claim for relief is based on Article 1, Section 8 of the California Constitution and alleges that defendants terminated plaintiff's employment on account of her race. In particular, the complaint alleges that after defendants terminated plaintiff's employment, they hired a replacement who is a friend or companion of defendant Salmeron, and that the hiring of plaintiff's replacement was part of a pattern and practice of hiring Hispanic relatives, friends or acquaintances of manager employees. Complaint ¶ 17. Assuming for purposes of this motion that the two-year statute of limitations for personal injury actions applies, defendants have again failed to demonstrate that the allegations of the complaint establish that the claim is time-barred. The complaint does not allege *when* plaintiff became aware that her replacement was an Hispanic friend or relative of defendant Salmeron, and it does not contain allegations that unambiguously demonstrate that plaintiff should have been aware of her race discrimination claim at the time of her termination. See Young v. Haines, 41 Cal.3d 883, 911 (1986).

Defendants' reliance on Oka v. Skylawn Memorial Park, 1993 WL 255438 (N.D. Cal. 1993) is misplaced. Oka was decided on summary judgment and not a motion to dismiss. The opinion does not discuss the details of the case, but it appears that the plaintiff alleged that he was paid less than caucasian employees and he quit his employment over the pay disparity. Thus, at the time the plaintiff ended his employment he knew the facts upon which his complaint was based and therefore the statute of limitations began to run when the plaintiff resigned. Here, in contrast, defendants have not demonstrated that plaintiff was aware, or should have been aware, of the facts upon which her race claim is based (namely, replacing her with an Hispanic friend of Salmeron) at the time of the termination of her

employment. Accordingly, they have not established that the statute of limitations defeats this claim either.

**IT IS SO ORDERED.**



Dated: October 3, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE