ENDY UKOHA-AJIKE (SBN 215337)
The Ukoha-Ajike Law Group
A Professional Corporation
1330 Broadway, Suite 515
Oakland, CA 94612
Telephone: (510) 834-9944
Facsimile: (510) 834-9945
Email: endy@ukohalaw.com

Attorney for Plaintiff,
Constance Anderson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE ANDERSON | ) |
| | ) Case No. C05-01967 CRB/ADR |
| v. | ) |
| | ) |
| COUNTY OF SAN MATEO, AND | ) STIPULATION OF DISMISSAL |
| FRANK SALMERON | ) Fed. R. Civ. P. 41(a)(1)(A)(ii) |

The parties, through the signatures of their counsel on this Stipulation, stipulate to dismiss this action with prejudice according to the terms of the settlement agreement attached to the Proposed Stipulated Order and incorporated by reference in that Order made fully a part of it.

**PROPOSED ORDER**

The Court has reviewed the Stipulation set forth above and the terms and conditions of the Settlement Agreement attached to this Order as Exhibit "A" and incorporated in this Order as if fully set forth in it. Accordingly,

IT IS ORDERED that:

1. This matter is dismissed [with or without] prejudice;

2. The dismissal is expressly conditioned on the terms and conditions of the Settlement Agreement and Amendment to Settlement Agreement attached to and incorporated in this Order;

3. The Court does not retain jurisdiction of this matter for the purposes of taking any action needed to enforce the terms of the attached Settlement Agreement because the terms have already been implemented between the parties.

4. Each party is to bear its own costs, as provided for in this Settlement Agreement.

Dated: October 18, 2013 

Hon. Judge 

3

Dated: October 14, 2013

_____
ENDY UKOHA-AJIKE
Attorney for Plaintiff,
Constance Anderson

Dated: October 16, 2013

_____
Lee Thompson,
Attorney for Defendants,
San Mateo County & Frank Salmeron

# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is between plaintiff Constance Anderson ("plaintiff"), and the Housing Authority of the County of San Mateo and Frank Salmeron ("defendants") (collectively referred to as the "Parties").

## RECITALS

On May 12, 2005, plaintiff filed a complaint entitled *Constance Anderson v. Housing Authority of the County of San Mateo and Frank Salmeron*, United States District Court, Northern District of California, Case No. C05-01967 CRB/ADR ("claim"). On February 5, 2007, the parties settled the claim, and this Agreement constitutes a complete settlement and compromise of the claim.

## AGREEMENT

For valuable consideration, the Parties agree as follows:

1. Defendants will pay plaintiff $135,000 made payable to *Constance Anderson*, and plaintiff's attorney, Roger A Carnagey, $65,000, made payable to *Roger Carnagey, Attorney at Law*. The sum of $135,000 paid to plaintiff is in settlement of her claim for alleged emotional distress under her alleged race discrimination claim for relief. The sum of $65,000 paid to attorney Roger A. Carnagey is separate compensation for plaintiff's attorney's fees incurred in the prosecution of the claim.

2. Additionally, defendants will purchase a AAA-rated guaranteed annuity for plaintiff. Under the terms of the guaranteed annuity, plaintiff will receive $1,000 per month for 15 years, beginning on July 4, 2014, which is plaintiff's 62nd birthday. The annuity payments are to be guaranteed by the issuer of the annuity. The parties *do not* intend that defendants act as guarantor for the annuity payments.

The guaranteed annuity shall provide that the benefit shall be paid to plaintiff or, if she is deceased prior to the end of the 15-year period, her designated beneficiaries, heirs or other designees for the remainder of the annuity terms. The guaranteed annuity constitutes a payment in settlement of plaintiff's claims for alleged back-pay and front-pay as damages under her claims for relief for alleged race discrimination and violation of due process rights.

3. Upon plaintiff's receipt of the $135,000, attorney Carnagey's receipt of the $65,000, and the purchase of the annuity, plaintiff will dismiss her entire claim with prejudice. Plaintiff will provide a court-endorsed copy of the dismissal to defendants within 21 days of receipt from the court. If any of the payments made under this Agreement result in tax consequences for plaintiff or her attorney, then they shall be solely responsible for those tax consequences and for the payment of any and all tax that may be due. In no event will the dollar amount of the settlement to be paid under this Agreement be changed or increased as a result of any tax consequence to any of the Parties.

-1-

final settlement

4. As a result of this settlement, plaintiff agrees and represents that she will not commence, maintain or prosecute any claim, suit, proceeding, investigation, or complaint, claim, grievance, or charge with any court, administrative agency, arbitrator, or any other body or person, whether Federal, State, contractual or otherwise, or aid or assist others in prosecuting such claim, suit, proceeding, investigation, complaint, grievance, or charge, except in response to a governmental agency or court inquiries or as compelled by legal process, against defendants, or against any other person, firm, or association, based in whole or in part upon, or arising out of or in any way connected with, any of the matters referred to in this Agreement. She further agrees and represents that she will not offer evidence relating to any of the referenced matters for the purpose of establishing or in any way proving any claim, either directly or indirectly, by her in any future claim, suit, proceeding, investigation, complaint, grievance, or charge against defendants or against any other person, firm, association, or managing agent, based in whole or in part upon, or arising out of, or in any way connected with, any matters alleged in the claim, or any matters referred to in this Agreement, except in response to a government agency or court inquiry or as compelled by legal process.

5. Plaintiff waives any right or claim to any injunctive relief against defendants.

6. The Parties will bear their own attorneys' fees and costs, and otherwise waive any right to attorneys' fees and costs.

7. Subject to compliance by the Parties with all the terms and conditions of this Agreement, plaintiff acknowledges the delivery and adequacy of the consideration and releases defendants as follows:

7.1. Plaintiff, for herself and for her heirs, successors, and assigns, fully release and forever discharge defendants and their, directors, officers, employees, partners, co-venturers, sureties, administrators, agents, managing agents, representatives, assigns, attorneys, affiliates, executors, heirs, predecessors-in-interest, successors-in-interest, insurers, and all other persons, firms, and associations, and all those acting on their behalf from all known and unknown claims, actions, causes of action, debts, liabilities, and demands of every kind whatsoever, which plaintiff now has, or which may accrue, on account of any known, unknown, foreseen or unforeseen damages or injuries, including, but not limited to, bodily injuries, personal injury, and property damage arising from the claim.

8. Plaintiff acknowledges that, in the future, she may discover facts different from or in addition to those which are now known or believed to be true with respect to the claims and other matters which are the subject of this Agreement, and plaintiff agrees that this Agreement shall remain in full force and effect in all respects, notwithstanding discovery of the existence of different or additional facts and law. Plaintiff intends, by this Agreement, to release fully, finally and forever, all claims and other matters described.

9. In executing this Agreement, plaintiff acknowledges and assumes the risks referred to in this Agreement and, notwithstanding the existence of the risks, plaintiff agrees that this Agreement applies to (a) all facts and matters described in this Agreement and (b) anything relating to the subject matter of the claim, whether known or unknown, anticipated or not anticipated.

10. Plaintiff acknowledges that she is familiar with section 1542 of the Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiff waives and relinquishes, upon the advice of legal counsel, any right or benefit which she has, or may have, under Civil Code section 1542.

Plaintiff understands and acknowledges that the significance and consequence of this waiver of section 1542 of the Civil Code is that even if she eventually suffers any additional injuries or damages or death arising out of the events alleged in the claim, she will not be permitted to make any claim, including a wrongful death claim, against defendant.

11. Plaintiff represents and warrants that there has been no actual assignment or purported assignment or other transfer of any claim or other matter or any interest that is being released by this Agreement. Further, plaintiff represents and warrants that she is sole owner and real party in interest regarding the claims and further matters being released in this Agreement.

12. Plaintiff agrees to indemnify defendant against all liability including, but not limited to liens of any type, and attorneys' fees and expenses resulting from any claim brought by any holder of a lien or encumbrance that is related to the injuries covered in this Agreement.

13. This Agreement constitutes an accord and satisfaction of disputed claims and neither the offer nor the acceptance of this Agreement, nor any term or condition, represents an admission of liability and/or responsibility by any Party. Plaintiff further warrants that this Agreement has been entered into in good faith, and that the payments have been agreed, solely for the purposes of resolving such disputed and uncertain claims.

14. Plaintiff has obtained and utilized the advice of independent legal counsel with regard to this Agreement, and plaintiff has read this Agreement and is fully aware of and understands its contents.

15. Plaintiff acknowledges that she is not relying upon any statements or representations of any other Party, or any other Party's attorneys or other representative, in entering into this Agreement.

16. This Agreement may be executed in any number of original counterparts. Any such counterpart, when executed, shall constitute an original of this Agreement, and all the counterparts together shall constitute one and the same Agreement.

17. No waiver, modification, or amendment of any term, condition, or provision of this Agreement shall be valid or have any force or effect, unless made in writing and signed by all the Parties.

18. This Agreement shall be governed by and interpreted according to the laws of the State of California.

19. Each and every provision of the Agreement is severable from each and all of the other provisions of the Agreement. In the event that any provision of the Agreement is found by the court to be invalid or unenforceable, the remaining provisions of the Agreement shall nonetheless remain in full force and effect.

20. In the event of a dispute, this Agreement shall be interpreted in accordance with its fair meaning and shall not be interpreted for or against any of the Parties on the ground that any Party drafted or caused to be drafted the Agreement, or any part.

21. Notwithstanding these provisions, plaintiff agrees that the United States District Court, Northern District of California, will retain jurisdiction over the Parties to enforce the timely tender of settlement proceeds and the timely provision of dismissals under this Agreement.

PLAINTIFF WARRANTS THAT SHE HAS READ THIS AGREEMENT IN ITS ENTIRETY, HAS HAD IT FULLY EXPLAINED TO HER, AND FULLY UNDERSTANDS AND APPRECIATES ITS TERMS AND THEIR CONSEQUENCES. ADDITIONALLY, THIS AGREEMENT HAS NOT BEEN EXECUTED BY PLAINTIFF BY REASON OF ANY UNDUE INFLUENCE, FRAUD, OR DURESS.

AGREED TO:

Dated: 3, 16, 2007

_____
CONSTANCE ANDERSON

Dated: April 5, 2007

_____
HOUSING AUTHORITY OF THE COUNTY OF SAN MATEO
By: Duane Bay, Executive Director

Dated: 4/18, 2007

_____
FRANK SALMERON

-4-

APPROVED AS TO FORM AND CONTENT:

Dated: 3/19, 2007      ROGER A. CARNAGEY

By: _____ Roger A. Carnagey _____
ROGER A. CARNAGEY
Attorney for Plaintiff
CONSTANCE ANDEROSN

Dated: April 4, 2007      WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP

By: _____
RANDALL J. LEE
Attorneys for Defendants
HOUSING AUTHORITY OF THE COUNTY OF SAN
MATEO and FRANK SALMERON

Dated: April 13, 2007      OFFICE OF SAN MATEO COUNTY COUNSEL

By: _____
LEE A. THOMPSON
Attorneys for Defendants
HOUSING AUTHORITY OF THE COUNTY OF SAN
MATEO and FRANK SALMERON

-5-

Final settlement

# AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE

This Amendment to Settlement Agreement and Release is by and between plaintiff Constance Anderson ("plaintiff"), and the Housing Authority of the County of San Mateo and Frank Salmeron ("defendants") (collectively referred to as the "Parties") and relates to the Settlement Agreement and Release (the "Original Settlement Agreement") entered into and executed by the Parties between March 17, 2007 and April 18, 2007, in settlement of the action entitled *Constance Anderson v. Housing Authority of the County of San Mateo and Frank Salmeron*, United States District Court, Northern District of California, Case No. C05-01967 CRB/ADR.

The Parties agree that the Original Settlement Agreement is modified by deleting Paragraphs 2 and 3 thereof, and replacing them in their entirety with the following:

2. Additionally, defendants will pay plaintiff, via check made payable jointly to Constance Anderson and Endy Ukoha-Ajike, on or before 15 days after defendants receive a fully executed version of this Amendment, the sum of $140,000. Upon plaintiff's receipt of said sum, plaintiff will dismiss her entire claim with prejudice. Plaintiff will provide a court-endorsed copy of the dismissal to defendants within 15 days of receipt from the court.

3. If any of the payments made under this Agreement result in tax consequences for plaintiff or her attorney, then they shall be solely responsible for those tax consequences and for the payment of any and all tax that may be due. In no event will the dollar amount of the settlement to be paid under this Agreement be changed or increased as a result of any tax consequence to any of the Parties.

The remaining terms and conditions of the Original Settlement Agreement remain unchanged.

This Amendment to Settlement Agreement and Release may be executed in any number of original counterparts. Any such counterpart, when executed, shall constitute an original of this Agreement, and all the counterparts together shall constitute one and the same Agreement."

AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE ACCEPTED AND AGREED TO:

CONSTANCE ANDERSON

*[signature]*

Date 2.24.2012

HOUSING AUTHORITY OF THE COUNTY OF SAN MATEO

_____
By: William Lowell, Executive Director

Date: _____

APPROVED AS TO FORM AND CONTENT:

*[signature]* 2/24/2012
Attorney for Plaintiff, Constance Anderson

*[signature]*
Attorney for Defendants

-1-

Amendment to Settlement Agreement and Release